**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

ANGELE ROSE REID,

Plaintiff,

v.

NEW CENTURY MORTGAGE CORPORATION et al.,

Defendants.

Civil Action No. 8:12-cv-02083-AW

**MEMORANDUM OPINION**

Pro se Plaintiff Angele Rose Reid brings this action against the following Defendants: (1) New Century Mortgage Corporation a/k/a Deutsche Bank; (2) Bierman, Geesing, Ward & Wood, LLC; (3) Beiramee & Cohen, P.C.; and (4) pro se Defendant Cheryl R. Johnson. Plaintiff's Complaint sounds in mortgage fraud. Three Motions to Dismiss are pending before the Court. The Court has reviewed the record and deems no hearing necessary. For the following reasons, the Court **GRANTS** the pending Motions to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court derives the following factual recitation from pro se Plaintiff's Complaint, public real estate records, and state court judicial documents. The Court may consult the abovementioned documents without converting the pending Motions to Dismiss into ones for summary judgment as courts may take notice of such matters to rule on motions to dismiss. *See Sec'y of State For Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir.) (citing cases).

Plaintiff's Complaint sounds in mortgage fraud. Plaintiff is the former owner of a property located at 2305 Norlinda Avenue, Oxon Hill, Maryland 20745 (the property).

Plaintiff alleges that she sought to refinance the property, engaging Metropolitan Money Store (MMS) to perform the refinancing. Plaintiff further alleges that MMS enlisted the services of pro se Defendant Cheryl R. Johnson (Johnson) to effectuate a fraudulent transaction in which MMS forged the names of Plaintiff and Johnson to convey the property from Plaintiff to Johnson. Plaintiff alleges that she never knew or met Johnson, whom, in her words, was used a "straw."

New Century Mortgage Corporation (New Century) served as lender in the allegedly fraudulent conveyance. The loan was slightly over $400,000. New Century paid off Plaintiff's original home note pursuant to the refinancing transaction, which was under $300,000. Apparently, MMS misappropriated some of the excess loan proceeds. In 2007, New Century assigned its interest in the property Defendant Deutsche Bank (DB).[1]

Johnson failed to pay the new home note, which she allegedly knew nothing about. DB mailed delinquency notices to Johnson at Plaintiff's property, whereupon Plaintiff allegedly first learned of the fraud. Subsequently, DB commenced efforts to foreclose on the property. To this end, Plaintiff alleges that DB employed Defendant Bierman, Geesing, Ward & Wood (BGWW). In October 2010 and March 2011, BGWW allegedly sent Plaintiff notices of default, contending that she owed various sums of money.

In June 2011, DB, represented by Defendant Beiramee & Cohen (Beiramee), filed suit in state court against Plaintiff and Johnson to resolve the title dispute. Plaintiff asserted three cross/counterclaims against DB and Johnson. Doc. No. 25 at 23–27. These cross/counterclaims

---

[1] Plaintiff refers to DB as New Century in the Complaint. The Court will refer to DB by its proper name, DB.

are virtually identical to the quiet title, reformation, declaratory judgment, and injunctive relief claims that Plaintiff has asserted against DB and Johnson in Counts I–III of the Complaint in this case. *Compare id.*, *with* Doc. No. 1 at 18–22.

Thereafter, DB entered into settlement negotiations with Plaintiff and her counsel from the state court action. The parties reached a settlement agreement under which Plaintiff would receive an option to pay off the DB loan for $ 226,000 (a lower amount than Plaintiff's original loan on the property) if Plaintiff satisfactorily made four monthly payments at the agreed-to amount.

Plaintiff failed to make the required payments, whereupon DB moved to enforce the settlement agreement. On July 23, 2012, the state court entered a judgment in which it ratified and confirmed the conveyance of the property from Plaintiff to Johnson. The state court further granted DB's motion to enforce the settlement agreement and dismissed Plaintiff's counterclaims with prejudice. Doc. No. 22-9.

In the same month, Plaintiff lodged her Complaint. Plaintiff names the following parties as Defendants: (1) DB; (2) BGWW; (3) Beiramee; and (4) Johnson. Counts I, II, and III are to quiet title, reform the deed of trust and/or declare it void ab initio, and enjoin DB from dispossessing Plaintiff of the property. Plaintiff asserts these Counts against DB and Johnson. Count IV, which Plaintiff asserts against BGWW and Beiramee, is for violations of the Fair Debt Collection Practices Act (FDCPA).

All Defendants but Johnson have moved to dismiss. Doc. Nos. 11, 16, 22. Johnson, who is proceeding pro se, has answered. Doc. No. 19. Johnson asserts in her pro se Answer that she did not participate in the fraudulent transaction described above and that MMS forged her

signature in connection with the same. She further asserts that she became aware of the fraudulent transaction only when she started to receive delinquency notices at her true residence.

## II. STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. LEGAL ANALYSIS

### A. Motion to Dismiss of Deutsche Bank

DB moves to dismiss on the ground that res judicata bars Plaintiff's claims. "Res judicata or claim preclusion bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted). "For res judicata to prevent a party from raising a claim, three elements must be present: (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Id.* (citation and internal quotation marks omitted). "In finding that the second suit involves the same cause of action, the court need not find that the plaintiff in the second suit is proceeding on the same legal theory he or his privies advanced in the first suit." *Id.* (citation omitted). "As long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Id.* (citation and internal quotation marks omitted).

The elements of res judicata are satisfied in this case. Element one is satisfied because the state court entered a judgment ratifying and confirming the conveyance of the property from Plaintiff to Johnson, granting DB's motion to enforce the settlement agreement, and dismissing Plaintiff's counterclaims with prejudice.

Plaintiff contends that the state court's judgment did not amount to an adjudication on the merits because it merely enforced a settlement agreement. The Court disagrees. Plaintiff's cross/counterclaims against DB and Johnson in the state suit are essentially equivalent to her claims in this suit. Instead of litigating these claims, Plaintiff opted to settle the case. The

settlement gave Plaintiff a chance to keep the property. Plaintiff squandered this opportunity by failing to make the agreed-upon mortgage payments even though she received an option to pay off the second mortgage for an amount that was no greater than her original one. Consequently, DB moved to enforce the settlement agreement, which the state court granted. The state court also ratified the conveyance to Johnson and dismissed Plaintiff's counterclaims with prejudice. Thus, the state court's decision had substantive impact and reflects a final resolution of all issues in the suit. Allowing Plaintiff to litigate Counts I–III of her Complaint would act to unravel the parties' prior settlement agreement and unduly interfere with the state court's resolution of what is, at bottom, a quiet title action. It would also give Plaintiff a second bite at the apple when she has not even alleged that she has the ability to pay the original note. Accordingly, the prior suit culminated in a judgment on the merits.

As to element (2), the state suit involved the same parties because there, like here, DB, Johnson, and Plaintiff were parties to it. For its part, element (3) is satisfied because Plaintiff's claims in the state suit arose out of the same transaction out of which her claims in this suit arise. Indeed, the claims are virtually identical. Therefore, res judicata bars Plaintiff's claims against DB, and the Court dismisses these claims with prejudice.

**B. Motion to Dismiss of BGWW**

Plaintiff alleges that BGWW made a false representation in a notice of foreclosure that she owed $576,877.71 on the property. Plaintiff also alleges that BGWW failed to verify the debt and continued its debt collection efforts after she disputed it in writing.

BGWW responds that Plaintiff's claims fail as a matter of law because they are time-barred. The FDCPA follows a one-year statute of limitations. 15 U.S.C. § 1692k(d). The

limitations period under § 1692k(d) starts to run on the date of the first violation. *Fontell v. Hassett*, 870 F. Supp. 2d 395 (D. Md. 2012) (citation omitted).

In this case, Plaintiff alleges that BGWW sent her the offending notices of default in October 2010 and March 2011. Therefore, under the holding of *Fontell,* Plaintiff had to bring her FDCPA claims by October 2011. However, Plaintiff failed to file suit until July 2012. In fact, even if the Court used March 2011 as the trigger date, Plaintiff's FDCPA claim would be untimely as she would have had to have asserted it by March 2012. Accordingly, Plaintiff's FDCPA claims are time-barred.

Plaintiff's FDCPA claims would fail even if they were not time-barred. Although Plaintiff alleges that BGWW sent her a misleading notice and failed to cease its debt collection efforts despite her timely written dispute, these allegations are vague, conclusory, and lack contextual allegations supporting the inference that BGWW engaged in such conduct. As a consequence, the Court dismisses Plaintiff's claims against BGWW with prejudice.

**C. Motion to Dismiss of Beiramee**

Beiramee moves to dismiss Plaintiff's Complaint on several grounds. First, Beiramee argues that Plaintiff's claims against it duplicate her claims against BGWW. Second, Beiramee argues that service was improper. Third, Beiramee argues that Plaintiff fails to state a cognizable FDCPA claim for several reasons.

The Court agrees. Plaintiff predicates her claims against Beiramee on the same allegations on which she predicates her claims against BGWW. As the claims are identical, they fail for the reasons listed in Part III.B. Furthermore, Plaintiff failed to effect service of process on Beiramee. Although Plaintiff purports to have served Beiramee on July 25, 2012, the Clerk did not issue summonses until August 7, 2012. *Compare* Doc. No. 8 at 2, *with* Doc. No. 7. Nor does

the purported return of service appear to have complied with Maryland Rule 2-121(a)(3) in that it indicates that Plaintiff failed to request restricted delivery.

Moreover, Plaintiff has failed to state a facially plausible claim against Beiramee. Although she makes no such allegation in the Complaint, Plaintiff argues in her response in opposition that Beiramee violated the FDCPA by representing DB in the state court action. Although Plaintiff remains bound by the allegations in her Complaint, the notion that Beiramee violated the FDCPA by instituting the state court action is legally unsound. *See* 15 U.S.C. § 1692f(g) (listing types of "nonjudicial" action that may violate the FDCPA); *see also Transamerica Fin. Servs., Inc. v. Sykes*, 171 F.3d 553, 555 (7th Cir. 1999) (§ 1692f does not bar one from attempting to enforce an allegedly fraudulent agreement where the agreement itself authorizes the debt). Therefore, the Court dismisses Plaintiff's claims against Beiramee with prejudice.

**D. Odds and Ends**

Defendant Johnson is the only Defendant left in the suit. Johnson has answered. Ordinarily, the Court would issue a scheduling order in such circumstances. "However, federal courts have power to dismiss, sua sponte, cases on grounds of frivolity." *Pitkin v. Ocwen Fin. Corp.*, Civil Action No. 8:12–cv–00573–AW, 2012 WL 5986480, at *4 (D. Md. Nov. 27, 2012) (citing *Ross v. Baron*, No. 12–1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012)). In *Pitkin*, this Court sua sponte dismissed the pro se plaintiff's claims against certain defendants where the plaintiff was using her federal action to relitigate a state foreclosure proceeding and her claims were facially deficient on numerous grounds. *See id.* at *4.

Here, similarly, Plaintiff is using her federal action to relitigate issues that were decided in the state action. Furthermore, Plaintiff's claims against Johnson fail as a matter of law. One, as

indicated, res judicata bars them as Plaintiff asserted the same claims against Johnson in the state proceeding. Two, to the extent one construes Plaintiff's Complaint as asserting a fraud claim against Johnson, she has failed to plead it with particularity. *See* Fed. R. Civ. P. 9(b). Although Plaintiff alleges that Johnson received a $10,000 kickback for her participation in the fraudulent transaction, Plaintiff's claims are vague, conclusory, and provide no specific facts or other context sufficient to create a plausible inference of fraud. Indeed, in some areas of the Complaint, Plaintiff seems to acknowledge that MMS perpetrated the fraud and that Johnson was just an unwitting straw. For the same reasons, Plaintiff's putative fraud claims would fail even if Rule 9's heightened pleading standard did not apply.[2] [3]Accordingly, the Court sua sponte dismisses Plaintiff's claims against Johnson.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the pending Motions to Dismiss. A separate Order, closing the case with prejudice, will follow.

December 13, 2012
Date

/s/
Alexander Williams, Jr.
United States District Judge

[2] The putative fraud claims would also be time-barred under Maryland's three-year statute of limitations because Plaintiff alleges that she received notice of the alleged fraud in 2007. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101.

[3] The Court also appears to lack subject matter jurisdiction over the case now that Plaintiff and Johnson are the only parties. Both Plaintiff and Johnson reside in Maryland and Plaintiff's claims against Johnson are injunctive in nature. *See* 28 U.S.C. § 1332(a).